Silverman Acampora LLP
Counsel to L.I.D. Ltd.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Ronald J. Friedman, Esq.
Randy J. Schaefer, Esq.

Hearing Date: December 17, 2009
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

L.I.D. LTD.,

                Debtor.
---------------------------------------------------------------X

Chapter 11

Case No. 07-10725 (JMP)

### NOTICE OF MOTION COMPELLING PAYMENT TO THE DEBTOR OF CERTAIN TAX REFUNDS DUE FROM THE INTERNAL REVENUE SERVICE

**PLEASE TAKE NOTICE**, that upon the motion of L.I.D. Ltd., (the "Debtor"), by its counsel, SILVERMANACAMPORA LLP, the Debtor will move before the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, located at the Alexander Hamilton Courthouse, One Bowling Green, Courtroom 601, New York, New York 10004, on **December 17, 2009, at 10:00 a.m.** (the "Hearing"), or soon thereafter as counsel can be heard, for an Order compelling the Internal Revenue Service (the "IRS") to issue and pay certain tax refunds owed to the Debtor. A copy of the proposed Order is attached to the Motion at Exhibit D.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the proposed Order must be (i) electronically filed with the Bankruptcy Court; (ii) delivered to Chambers of the Honorable James M. Peck; and (iii) served upon SILVERMANACAMPORA LLP to be received no later than **December 14, 2009 at 4:00 p.m.**, Attn: Ronald J. Friedman, Esq.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further

notice, other than by announcement of such adjournment in open Court.

Dated: Jericho, New York
November 24, 2009

**SILVERMANACAMPORA LLP**
Debtor's Counsel

By:   *s/Ronald J. Friedman*
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

To: *Internal Revenue Service*
*110 West 44th Street*
*New York, New York 10036*
*Attention: Carmencita Millamena, Revenue Agent*

*Internal Review Service*
*10 Metro Tech Center*
*625 Fulton Street*
*Brooklyn, New York 11201*

*US Attorney –SDNY*
*One St. Andrew's Plaza*
*Claims Unit – Room 417*
*New York, New York 10007*

*United States Attorney*
*225 Cadman Plaza East, 5th Floor*
*Brooklyn, New York 11201*

*Office of the United States Trustee:*
*Office of the United States Trustee*
*33 Whitehall Street, 21st Floor*
*New York, New York 10004*

*Debtor's Chief Restructuring Officer:*
*Consensus Advisors*
*218 Newbury Street, 3rd Floor*
*Boston, MA 02116-2550*
*Attn: Christopher Ellis, Managing Director*

SilvermanAcampora LLP
Attorneys for the Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Randy J. Schaefer, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

L.I.D. LTD.,

               Debtor.
---------------------------------------------------------------x

Chapter 11

Case No. 07-10725-JMP

# MOTION COMPELLING PAYMENT TO THE DEBTOR OF CERTAIN TAX REFUNDS DUE FROM THE INTERNAL REVENUE SERVICE

**To: Honorable James M. Peck**
**United States Bankruptcy Judge**

L.I.D. Ltd. (the "Debtor"), by its counsel, SilvermanAcampora LLP, submits this motion (the "Motion") seeking the entry of an Order pursuant to 11 U.S.C. §505(a)(2)(B) compelling payment of certain tax refunds due to the Debtor from the United States of America – Internal Revenue Service (the "IRS") and granting related relief, and respectfully sets forth and represents as follows:

## Preliminary Statement

1. This Motion is filed in accordance with 11 U.S.C. §505 to have this Court determine the tax liability and approve certain refund payments, totaling $264,941 due from the IRS to the Debtor under properly filed amended tax returns. The Motion is interposed to try to avoid what the Debtor believes are administrative hurdles in actually resolving and receiving the refunds. The Debtor believes that because of the "red tape" involved in getting the IRS to issue refunds regarding its amended tax return, which were filed over 20 months ago, the Debtor respectfully seeks this Court's assistance in compelling the IRS to process and issue the refunds due to the Debtor under the amended tax returns.

Background

2.      On March 17, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee has been appointed in the Debtor's case. The Debtor is continuing in possession of its property as a debtor in possession under Bankruptcy Code §§1107 and 1108.

3.      By Order of this Court dated November 16, 2007 the Debtor retained Consensus Advisors LLC as its Chief Restructuring Officer. Mark Boucher of Consensus Advisors LLC has assisted Mr. Ellis in his duties as Chief Restructuring Officer and has been working with Debtor's counsel regarding the administration of this case, including the filing and monitoring of certain amended tax returns.

**The Application**

4.      The instant application is made pursuant to 11 U.S.C. §505 which provides in pertinent part:

> (a)(1)  Except as provided in paragraph 2 of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addtion to tax, whether or not previously assessed, whether or not paid, and whether or not contested before the adjudicated by a judicial or administrative tribunal of competent jurisdiction. . .
>
> (2) The court may not so determine –
>
>     (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administative tribunal of competent jurisdiction before the commencement of the case under this title;
>     (B) any right of the estate to a tax refund, before the earlier of –
>         (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
>         (ii) a determination by such governmental unit of such request; or . . .

5.      In this Chapter 11 case, the Debtor filed an amended tax return on Form 1120X for the tax year ending 2003 seeking a $25,395 refund (the "Amended 2003 Return"). A copy of the Ameded 2003 Return is attached and made a part hereof as **Exhibit A.** .

6.      The Amended 2003 Return was properly filed with the IRS on March 3, 2008. A copy of the IRS form 4564 confirming the IRS' receipt of the Amended 2003 Return is attached made a part hereof as **Exhibit B**.

7.     The Amended 2003 Return was properly filed over 120 days ago and no governmental unit has made any determination related to the requested refund. Moreover, the amount of the Amended 2003 Return has not been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

8.     In addition, the Debtor filed an amended tax return on Form 1120X for the tax year ending 2004 seeking a $149,512 refund for a Net Operating Carryback losses and a $90,029 R&D Credit (the "Amended 2004 Return"). A copy of the Amended 2004 Return is attached and made a part hereof as **Exhibit C.**

9.     The Amended 2004 Return was properly filed with the IRS at the same time that the Amended 2003 Return was filed. The IRS form 4564 also makes reference to the Amended 2004 Return having been filed (See Exhibit B).

10.    The Amended 2004 Return was properly filed over 120 days ago and no governmental unit has made any determination related to the requested refund. Moreover, the amount of the Amended 2004 Return has not been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11.    After filing the amended tax returns, the undersigned Debtor's counsel, as well as Mark Boucher from Consensus Advisors and James Murphy from Alligantgroup, LP regularly communicated with the IRS, including Carmencita Millamena, an IRS Revenue Agent regarding the amended returns.

12.    On several occassions, Mark Boucher provided duplicate copies of the amended tax returns. The Debtor received several requests from the IRS to provide additional information and on all occasions the Debtor promptly responded and provided the requested additional documents.

13.    Unfortunately, despite repeated efforts, there has been no determination from the IRS regarding the amount or legality of the Debtor's request for a refund under the Amended

2003 Return and Amended 2004 Return - even though the amended returns were filed over 20 months ago.

14. Bringing this matter to a conclusion and compelling the IRS to issue the refunds will benefit the IRS because the interest owed to the Debtor on the refunds will stop accuring upon payment.

15. A copy of a proposed order granting the relief requested herein is attached and made a part hereof as **Exhibit D**.

16. No previous application or motion for the relief requested herein has been made to this or any other Court.

17. Jurisdiction over this proceeding is based upon 28 U.S.C. §157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §1409.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order pursuant to 11 U.S.C. §505(a)(2)(B) compelling payment of a $264,941 tax refund due to the Debtor from the United States of America/Internal Revenue Service, and granting related relief that is deems just and proper.

Dated: Jericho, New York
November 23, 2009

      **SilvermanAcampora LLP**
      Debtor's Attorneys

By: _s/Ronald J. Friedman_
     Ronald J. Friedman
     A Member of the Firm
     100 Jericho Quadrangle, Suite 300
     Jericho, New York 11753
     (516) 479-6300
     RFriedman@SilvermanAcampora.com