SilvermanAcampora LLP
Attorneys for the Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Randy J. Schaefer, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

L.I.D. LTD.,

                    Debtor.

----------------------------------------------------------------x

Chapter 11

Case No. 07-10725-JMP

## MOTION COMPELLING THE INTERNAL REVENUE SERVICE TO COMPLY WITH THE JUNE 7, 2010 LETTER AGREEMENT

**To: Honorable James M. Peck**
     **United States Bankruptcy Judge**

L.I.D. Ltd. (the "Debtor"), by its counsel, SilvermanAcampora LLP, submits this motion (the "Motion") seeking the entry of an Order compelling the United States of America – Internal Revenue Service (the "IRS") to comply with the Settlement Agreement by paying certain tax refunds due to the Debtor and granting related relief, and respectfully sets forth and represents as follows:

### The Debtor's First Motion to Compel the IRS

1. The Debtor previously moved by Notice of Motion dated November 24, 2009 (the "First Motion")[1], under 11 U.S.C. §505 seeking an Order from this Court determining the tax liability and approving certain refund payments due from the IRS to the Debtor under properly filed amended tax returns. The First Motion was interposed to avoid what the Debtor believed to be administrative hurdles in actually resolving and receiving the refunds owed to the Debtor under amended tax returns that had been filed more than 20 months before the First Motion was filed.

---

[1] The First Motion was electronically filed on the Court's docket as Document Number 376.

### The June 7, 2010 Letter Resolving the Motion

2. As a result of filing the First Motion, after 7 months of negotiation, the IRS sent a letter to Debtor's counsel, dated June 7, 2010 which stated:

> In conclusion, the IRS believes that it is appropriate to resolve this matter by refunding your client $225,158. In exchange, we ask that your client: (1) withdraw its letter dated December 30, 2009, protesting the IRS's November 24, 2009 Notice of Proposed Adjustment; (2) sign the last page of the attached Form 4549 to indicate its consent to the IRS's determinations with respect to the Amended 2008 Return and send it back to me; and (3) withdraw with prejudice the pending motion under Section 505 of the Bankruptcy Code, filed with the Court on November 25, 2009.

3. A copy of the IRS's June 7, 2010 letter is attached as **Exhibit 1.**

### The Debtor's July 20, 2010 Letter Complying with the IRS's requirements

4. In response to the IRS's June 7, 2010 letter, Debtor's counsel sent a letter dated July 20, 2010 complying with <u>all</u> conditions in the June 7, 2010 letter. Specifically, attached to the July 20, 2010 letter was the (I) letter withdrawing the Debtor's December 30, 2009 protest letter; (II) fully executed Form 4549; and (III) letter withdrawing the First Motion. A copy of the Debtor's counsel's July 20, 2010 letter is attached as **Exhibit 2.**

### The IRS's Failure to issue the Refund

5. Over 10 weeks have elapsed since the Debtor has fully complied with the conditions set forth by the IRS in its June 7, 2010 letter but, the IRS has failed to issue the refund.

6. After receiving the June 7, 2010 letter (and before accepting the resolution of the matter), the Debtor was concerned about the timing of the refund and whether the Debtor would be faced with similar delays it had experienced before filing the First Motion.

7. On June 16, 2010, Debtor's counsel received an email from the United States Attorney's office that if the Debtor (I) withdraws the protect letter; (II) signs Form 4549; and (III) withdraws the First Motion, then the "<u>refund should be issued within several business days after</u>" [receiving the three documents listed above] (emphasis added).

8.      Based upon the representations that the "refund should be issued within several business days" the Debtor, in good faith, complied with the three IRS conditions including withdrawing its First Motion compelling the IRS to issue certain refunds.

<u>The IRS's failure to comply has increased the Debtor's Costs and Expenses</u>

9.      Thereafter, numerous emails were sent to the United States Attorney's Office trying to ascertain the status of the refund. To date, no refund has been issued.

10.     The Debtor has complied with all IRS filing requirements, filed its tax returns and even after making the First Motion complied with the three requirements set forth in the IRS's June 7, 2010 letter. In comparison, the IRS has failed to comply with its "end of the bargain" by failing to timely issuing the refund check.

11.     The IRS's failure has caused the Debtor to incur additional legals fees to make the First Motion, negotiate for 7 months to reach a resolution, execute documents, withdraw its Motion, and to continue to follow up with the IRS over the last 10 weeks attempting to get the IRS to comply with the June 7, 2010 agreement – an agreement that the Debtor has complied with several months ago. As a result, the Debtor has incurred additional legal fees in making the instant motion.

12.     Moreover, the IRS's failure has also prevented the Debtor from making further distributions to its creditors.

13.     For all of these reasons, and for the reasons set forth in the Debtor's First Motion, it is respectfully requested that this Court should enter an Order compelling the IRS to issue the tax refunds that the IRS agreed to in its June 7, 2010 letter.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (I) compelling the Internal Revenue Service to comply with the June 7, 2010 Letter Agreement; (II)

compelling payment of the agreed upon tax refund; and (II) granting related relief that is just and proper.

Dated: Jericho, New York
October 6, 2010

          **SilvermanAcampora LLP**
          Debtor's Attorneys

By:    s/Randy J. Schaefer
        Randy J. Schaefer, Esq.
        Counsel to the Firm
        100 Jericho Quadrangle, Suite 300
        Jericho, New York 11753
        (516) 479-6300